### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| UNIVERSAL CONNECTIVITY<br>TECHNOLOGIES INC., | § <br> § <br> § | |
| Plaintiff, | § <br> § | Case No. 1:23-cv-1177 |
| v. | § <br> § | **JURY TRIAL DEMANDED** |
| HP INC., | § <br> § | |
| Defendant. | § <br> § | |

### DEFENDANT HP INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF UNIVERSAL CONNECTIVITY TECHNOLOGIES INC.'S COMPLAINT

Defendant HP Inc. ("HP"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Complaint (ECF No. 1) filed by Plaintiff Universal Connectivity Technologies Inc. ("UCT") on September 28, 2023 as set forth below. HP denies that it has infringed or infringes any valid and enforceable claim of U.S. Patent Nos. 7,154,905 ("the '905 Patent"), 7,187,307 ("the '307 Patent"), 7,746,798 ("the '798 Patent"), 9,232,265 ("the '265 Patent"), 8,680,712 ("the '712 Patent"), 7,856,520 ("the '520 Patent"), 7,921,231 ("the '231 Patent"), and 9,852,103 ("the '103 Patent") (collectively, the "Asserted Patents"), and HP denies all allegations of the Complaint that are not expressly admitted below.

### INTRODUCTION

1.      HP admits that the Complaint purports to set forth a cause of action for patent infringement. HP denies any remaining allegations of Paragraph 1 of the Complaint.

### PARTIES

2.      HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore denies them.

3.      HP admits that HP Inc. is a corporation organized under the laws of Delaware, with its principal place of business at 1501 Page Mill Road, Palo Alto, California, 94304 and that it is registered to do business in the State of Texas and may be served through its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201. HP denies the remaining allegations in Paragraph 3.

## JURISDICTION AND VENUE

4.      Paragraph 4 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, HP admits that the Complaint purports to assert an action under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*, and that this Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338(a). HP denies the remaining allegations in Paragraph 4.

5.      HP admits that this Court has personal jurisdiction over it.  HP denies the remaining allegations in Paragraph 5.

6.      HP admits that venue in this district is permissible pursuant to 28 U.S.C. § 1400(b) and that it has a place of business at 3800 Quick Hill Rd., Austin, Texas 78728.  HP denies that venue is proper pursuant to 28 U.S.C. § 1391. HP further denies that this District is the most convenient or the most appropriate forum for this action.  HP denies the remaining allegations in Paragraph 6.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,154,905

7.      HP repeats and incorporates by reference its responses to the allegations of Paragraphs 1-6 of the Complaint as if fully set forth herein.

8.      HP admits only that the face of U.S. Patent No. 7,154,905 ("the '905 Patent") attached as Exhibit 1 to the Complaint includes the title "Method and system for nesting of

communications packets," and purports to indicate an issue date of December 26, 2006.  HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

9.      HP denies that it has infringed or continues to infringe any claim of the '905 Patent. HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

10.     HP denies the allegations in Paragraph 10.

11.     HP admits that WiLAN sent HP a letter on or about June 30, 2022, a copy of which is purportedly attached as Exhibit 3 to the Complaint, and a letter on or about October 6, 2022, a copy of which is purportedly attached as Exhibit 4 to the Complaint.  HP denies the remaining allegations in Paragraph 11.

12.     HP denies the allegations in Paragraph 12.

13.     HP denies the allegations in Paragraph 13.

14.     HP denies the allegations in Paragraph 14.

15.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them.

16.     HP denies the allegations in Paragraph 16.

17.     HP denies the allegations in Paragraph 17.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,187,307**

18.     HP repeats and incorporates by reference its responses to the allegations of Paragraphs 1-17 of the Complaint as if fully set forth herein.

19.     HP admits only that the face of U.S. Patent No. 7,187,307 ("the '307 Patent") as attached in Exhibit 9 to the Complaint includes the title "Method and system for encapsulation of

multiple levels of communication protocol functionality within line codes," and purports to indicate an issue date of March 6, 2007. HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

20.     HP denies that it has infringed or continues to infringe any claim of the '307 Patent. HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

21.     HP denies the allegations in Paragraph 21.

22.     HP admits that WiLAN sent HP a letter on or about June 30, 2022, a copy of which is purportedly attached as Exhibit 3 to the Complaint, and a letter on or about October 6, 2022, a copy of which is purportedly attached as Exhibit 4 to the Complaint. HP denies the remaining allegations in Paragraph 22.

23.     HP denies the allegations in Paragraph 23.

24.     HP denies the allegations in Paragraph 24.

25.     HP denies the allegations in Paragraph 25.

26.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies them.

27.     HP denies the allegations in Paragraph 27.

28.     HP denies the allegations in Paragraph 28.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,746,798

29.     HP repeats and incorporates by reference its responses to the allegations of Paragraphs 1-28 of the Complaint as if fully set forth herein.

30.     HP admits only that the face of U.S. Patent No. 7,746,798 ("the '798 Patent") as attached as Exhibit 11 to the Complaint includes the title "Method and system for integrating packet type information with synchronization symbols," and purports to indicate an issue date of June 29, 2010.  HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 30, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

31.     HP denies that it has infringed or continues to infringe any claim of the '798 Patent. HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 31, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

32.     HP denies the allegations in Paragraph 32.

33.     HP admits that WiLAN sent HP a letter on or about June 30, 2022, a copy of which is purportedly attached as Exhibit 3 to the Complaint, and a letter on or about October 6, 2022, a copy of which is purportedly attached as Exhibit 4 to the Complaint.  HP denies the remaining allegations in Paragraph 33.

34.     HP denies the allegations in Paragraph 34.

35.     HP denies the allegations in Paragraph 35.

36.     HP denies the allegations in Paragraph 36.

37.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies them.

38.     HP denies the allegations in Paragraph 38.

39.     HP denies the allegations in Paragraph 39.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 9,232,265

40.     HP repeats and incorporates by reference its responses to the allegations of Paragraphs 1-39 of the Complaint as if fully set forth herein.

41.     HP admits only that the face of U.S. Patent No. 9,232,265 ("the '265 Patent") as attached as Exhibit 15 to the Complaint includes the title "Method, apparatus and system for transitioning an audio/video device between a source mode and a sink mode," and purports to indicate an issue date of January 5, 2016. HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 41, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

42.     HP denies that it has infringed or continues to infringe any claim of the '265 Patent. HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 42, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

43.     HP denies the allegations in Paragraph 43.

44.     HP admits that WiLAN sent HP a letter on or about June 30, 2022, a copy of which is purportedly attached as Exhibit 3 to the Complaint, and a letter on or about October 6, 2022, a copy of which is purportedly attached as Exhibit 4 to the Complaint. HP denies the remaining allegations in Paragraph 44.

45.     HP denies the allegations in Paragraph 45.

46.     HP denies the allegations in Paragraph 46.

47.     HP denies the allegations in Paragraph 47.

48.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

49.     HP denies the allegations in Paragraph 49.

50.     HP denies the allegations in Paragraph 50.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 8,680,712**

51.     HP repeats and incorporates by reference its responses to the allegations of Paragraphs 1-50 of the Complaint as if fully set forth herein.

52.     HP admits only that the face of U.S. Patent No. 8,680,712 ("the '712 Patent") as attached as Exhibit 17 to the Complaint includes the title "Power delivery over digital interaction interface for video and audio (DiiVA)," and purports to indicate an issue date of March 25, 2014. HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 52, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

53.     HP denies that it has infringed or continues to infringe any claim of the '712 Patent. HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 53, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

54.     HP denies the allegations in Paragraph 54.

55.     HP admits that WiLAN sent HP a letter on or about June 30, 2022, a copy of which is purportedly attached as Exhibit 3 to the Complaint, and a letter on or about October 6, 2022, a copy of which is purportedly attached as Exhibit 4 to the Complaint.  HP denies the remaining allegations in Paragraph 55.

56.     HP denies the allegations in Paragraph 56.

57.     HP denies the allegations in Paragraph 57.

58.     HP denies the allegations in Paragraph 58.

59.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

60.     HP denies the allegations in Paragraph 60.

7

61.     HP denies the allegations in Paragraph 61.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 7,856,520

62.     HP repeats and incorporates by reference its responses to the allegations of Paragraphs 1-61 of the Complaint as if fully set forth herein.

63.     HP admits only that the face of U.S. Patent No. 7,856,520 ("the '520 Patent") as attached as Exhibit 19 includes the title "Control bus for connection of electronic devices," and purports to indicate an issue date of December 21, 2010.  HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 63, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

64.     HP denies that it has infringed or continues to infringe any claim of the '520 Patent. HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 64, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

65.     HP denies the allegations in Paragraph 65.

66.     HP denies the allegations in Paragraph 66.

67.     HP denies the allegations in Paragraph 67.

68.     HP denies the allegations in Paragraph 68.

69.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies them.

70.     HP denies the allegations in Paragraph 70.

71.     HP denies the allegations in Paragraph 71.

## COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 7,921,231

72.     HP repeats and incorporates by reference its responses to the allegations of Paragraphs 1-71 of the Complaint as if fully set forth herein.

73.     HP admits only that the face of U.S. Patent No. 7,921,231 ("the '231 Patent") as attached as Exhibit 23 to the Complaint includes the title "Discovery of electronic devices utilizing a control bus," and purports to indicate an issue date of April 5, 2011.  HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 73, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

74.     HP denies that it has infringed or continues to infringe any claim of the '231 Patent. HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 74, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

75.     HP denies the allegations in Paragraph 75.

76.     HP denies the allegations in Paragraph 76.

77.     HP denies the allegations in Paragraph 77.

78.     HP denies the allegations in Paragraph 78.

79.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

80.     HP denies the allegations in Paragraph 80.

81.     HP denies the allegations in Paragraph 81.

**COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 9,852,103**

82.     HP repeats and incorporates by reference its responses to the allegations of Paragraphs 1-81 of the Complaint as if fully set forth herein.

83.     HP admits only that the face of U.S. Patent No. 9,852,103 ("the '103 Patent") as attached as Exhibit 25 to the Complaint includes the title "Bidirectional transmission of USB data using audio/video data channel," and purports to indicate an issue date of December 26, 2017.  HP

lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 83, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

84.     HP denies that it has infringed or continues to infringe any claim of the '103 Patent. HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 84, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

85.     HP denies the allegations in Paragraph 85.

86.     HP denies the allegations in Paragraph 86.

87.     HP denies the allegations in Paragraph 87.

88.     HP denies the allegations in Paragraph 88.

89.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore denies them.

90.     HP denies the allegations in Paragraph 90.

91.     HP denies the allegations in Paragraph 91.

### COUNT IX: DECLARATORY JUDGMENT

92.     HP repeats and incorporates by reference its responses to the allegations of Paragraphs 1-91 of the Complaint as if fully set forth herein.

93.     Paragraph 93 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and therefore denies them.

94.     HP admits that, to the extent that UCT or its predecessors-in-interest had obligations under VESA and USB-IF policies, there is a dispute between UCT and HP concerning

whether UCT has negotiated in good faith towards a license and complied with VESA and USB-IF policies and applicable laws.  HP denies the remaining allegations in Paragraph 94.

95.      Paragraph 95 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, HP denies the allegations in Paragraph 95.

## PRAYER FOR RELIEF

UCT's prayers for relief (a)-(h) each contain a request for relief to which no response is required.  To the extent that a response is required to UCT's prayer for relief, HP denies that UCT is entitled to any relief from HP in connection with UCT's Complaint, including, without limitation, the relief specified in UCT's prayer for relief.

## DEMAND FOR JURY TRIAL

No response is required to UCT's Demand For Jury Trial.  However, to the extent that a response is required, HP admits that UCT has demanded a jury trial.

## HP'S AFFIRMATIVE DEFENSES

Subject to the responses above, and without assuming any burden not imposed by operation of law, HP asserts the following affirmative defenses in response to the allegations of UCT's Complaint.  HP expressly reserves the right to assert different and additional legal or equitable defenses that may now exist or in the future be available based on discovery and further investigation in this case.

## FIRST AFFIRMATIVE DEFENSE
### (Invalidity)

1.      One or more claims of the '905, '307, '798, '265, '712, '520, '231, and '103 Patents are invalid for failure to satisfy one or more of the requirements and/or conditions for patentability

under Title 35, United States Code § *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

2.      HP has not directly infringed, induced another to infringe, or contributed to another's infringement of, any valid and/or enforceable claim of the '905, '307, '798, '265, '712, '520, '231, or '103 Patents.

## THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

3.      By virtue of statements made, amendments made, or positions taken during the prosecution of the applications of the Asserted Patents and/or any related patents or patent applications, UCT is estopped from construing any claim of the Asserted Patents to cover or include, either literally or under the doctrine of equivalents, any of the products, systems, or processes sold by HP.

## FOURTH AFFIRMATIVE DEFENSE
### (Express or Implied License)

4.      UCT's claims against HP are barred under HP's express or implied license to any valid claim of the asserted patents, and/or under the doctrines of patent exhaustion and first sale, to the extent that UCT seeks royalties or damages for any products or activities that are, or will be, licensed to persons or companies that supply accused products, systems, components, software, firmware and/or services to HP.

## FIFTH AFFIRMATIVE DEFENSE
### (Limitations on Damages and Costs)

5.      UCT's right to recover damages, attorneys' fees, or costs, if any, is limited, including without limitation by 35 U.S.C. §§ 286, 287, and/or 288.

## SIXTH AFFIRMATIVE DEFENSE
### (No Attorneys' Fees)

6.      UCT cannot prove that this is an exceptional case justifying an award of attorney's fees against HP under 35 U.S.C. § 285 or otherwise.

## SEVENTH AFFIRMATIVE DEFENSE
### (Limitation on Damages Based on RAND Obligations)

7.      To the extent one or more of the Asserted Patents are determined to be essential to VESA or USB-IF standards, Lattice Semiconductor Corporation and/or Silicon Image, Inc., the previous owner(s) of the Asserted Patents and predecessors-in-interest to UCT, were required, in accordance with the relevant rules and intellectual property rights policies of applicable Standard Setting Organizations ("SSOs"), to grant licenses under the Asserted Patents on reasonable and non-discriminatory ("RAND") terms and conditions.  Any applicable RAND obligations are found at least in the Intellectual Property Rights policies adopted by the Video Electronics Standards Association ("VESA") and the USB Implementers Forum, Inc. ("USB-IF").

8.      In the event the Asserted Patents contain any claims essential to any standards adopted by VESA or USB-IF and are practiced by HP, UCT, as purported owner-by-assignment of the Asserted Patents, is bound by the agreements, licenses, covenants, obligations, and promises related to the Asserted Patents, including its agreement to grant licenses to the Asserted Patents on RAND terms and conditions pursuant to VESA and USB-IF policies.

9.      UCT has not offered HP reasonable and nondiscriminatory royalty terms and rates. As a beneficiary to the rules and intellectual property rights policies of the relevant SSOs, HP has the right to be offered RAND terms and conditions for a license to the Asserted Patents.

10.      To the extent the Asserted Patents are essential to any VESA or USB-IF standards, UCT has failed to comply with any RAND obligations under the relevant rules and intellectual

property rights policies of the relevant SSOs with respect to HP (which is claiming the benefit thereof) by failing to offer any license on RAND terms.  UCT's obligations limit the damages, if any, available to UCT in this action.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Equitable Estoppel/Implied Waiver)**

11.     To the extent the Asserted Patents are essential to any VESA or USB-IF standards, the Asserted Patents are unenforceable because of UCT's and/or UCT's predecessors-in-interest's failure to disclose them to the applicable SSOs prior to the voting, approval, and/or publication dates of the applicable standards.  Given the fact that UCT alleges infringement of the Asserted Patents based on compliance with certain VESA and USB-IF standards, UCT and/or its predecessors-in-interest knew or should have known the Asserted Patents are allegedly essential to those standards.  Despite such knowledge, and on information and belief, UCT and its predecessors-in-interest chose to conceal those material facts in connection with the Asserted Patents from the relevant SSOs, evidencing their intent to induce the relevant SSOs to adopt the standards, which allegedly implicate UCT's technology, and to induce industry participants to implement those standards.  Further on information and belief, UCT's fraudulent conduct induced the SSOs to adopt one or more such claims into the VESA and USB-IF standards, causing industry participants, including HP, to reasonably rely on UCT's promises to the SSOs.  The promises HP relied on included the promise to disclose all known intellectual property rights that are essential or potentially essential to the standards, and the promise to license the potentially essential patents on RAND terms.  HP's reliance on such promises was to its detriment, causing damage to HP's business, property and goodwill.

## NINTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

12.     UCT's claims are barred by the doctrine of patent misuse because UCT is attempting to use the Asserted Patents to restrain trade beyond enforcing the exclusive rights that a lawfully obtained patent provides.

## TENTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

13.     UCT is not entitled to enhanced or increased damages for willful infringement because HP has not engaged in any conduct that meets the applicable standard for willful infringement.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Government Sales)

14.     UCT's claims for infringement as they relate to any product manufactured by HP for use by the United States is limited to the rights and remedies set forth in 28 U.S.C. § 1498. UCT cannot seek damages against HP for any product made for and/or used by the United States government.

## RESERVATION OF DEFENSES

15.     HP expressly reserves the right to assert any other legal or equitable defenses to which it is shown to be entitled, including all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses that my now exist or in the future be available based on discovery or further factual investigation in this case.

## DEFENDANT HP INC.'S COUNTERCLAIMS

HP Inc. ("HP") asserts the following Counterclaims against Universal Connectivity Technologies Inc. ("UCT"):

## THE PARTIES

1.        HP is a Delaware corporation with its principal place of business at 1501 Page Mill Road, Palo Alto, California 94304.

2.        Upon information and belief, UCT is a Delaware corporation with its principal place of business at 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION AND VENUE

3.        These are counterclaims arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, *et seq.*, and the Patent Act, 35 U.S.C. §§ 101, *et seq.*, for a judicial declaration that the Asserted Patents are invalid, unenforceable, and not infringed, as well as other counterclaims arising under federal law.

4.        This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5.        UCT has consented to personal jurisdiction in this judicial district by filing its Complaint (ECF No. 1) in this Court.

6.        To the extent this Court is a proper venue for UCT's Complaint, venue for the Counterclaims is proper under 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. § 1400(b).  HP maintains that venue is more convenient in another judicial district under 28 U.S.C. § 1404(a).

## FACTUAL BACKGROUND

7.        In its Complaint, UCT alleges that HP has directly or indirectly infringed, and continues to infringe U.S. Patent Nos. 7,154,905; 7,187,307; 7,746,798; 9,232,265; 8,680,712;

7,856,520; 7,921,231; and 9,852,103 (collectively, the "Asserted Patents").  HP has denied those

allegations.

8.      As a result of UCT's actions and statements, including filing the Complaint, an

actual and justiciable controversy has arisen between the parties regarding the validity,

enforceability, and alleged infringement of each of the claims of the Asserted Patents, as well as

UCT's breach of its contracts with HP, or with VESA and USB-IF to which HP is a third party

beneficiary.

9.      A judicial declaration is necessary and appropriate at this time to allow HP to

ascertain its rights and duties with respect to the Asserted Patents.

**FIRST COUNTERCLAIM**
**(Declaration of Non-Infringement of U.S. Patent No. 7,154,905)**

10.     HP repeats and incorporates by reference each of the allegations set forth in

Paragraphs 1-9 of its Counterclaims above as if set forth fully herein.

11.     UCT has filed an infringement action in this Court to enforce U.S. Patent No.

7,154,905 ("the '905 Patent") against HP.  HP denies that it has infringed or is infringing any valid

and enforceable claim of the '905 Patent.

12.     The HP accused products do not infringe any valid or enforceable claims of the

'905 Patent.

13.     Based on UCT's filing of its Complaint, an actual and justiciable controversy has

arisen and now exists between the parties regarding the alleged infringement of the '905 Patent.

14.     HP is entitled to a judicial declaration and determination against UCT that HP has

not and does not infringe, literally or by the doctrine of equivalents, any valid and enforceable

claims of the '905 Patent, either directly, contributorily, by inducement, willfully, jointly, or in

any other manner.

## SECOND COUNTERCLAIM
### (Declaration of Non-Infringement of U.S. Patent No. 7,187,307)

15.     HP repeats and incorporates by reference each of the allegations set forth in Paragraphs 1-14 of its Counterclaims above as if set forth fully herein.

16.     UCT has filed an infringement action in this Court to enforce U.S. Patent No. 7,187,307 ("the '307 Patent") against HP.  HP denies that it has infringed or is infringing any valid and enforceable claim of the '307 Patent.

17.     The HP accused products do not infringe any valid or enforceable claims of the '307 Patent.

18.     Based on UCT's filing of its Complaint, an actual and justiciable controversy has arisen and now exists between the parties regarding the alleged infringement of the '307 Patent.

19.     HP is entitled to a judicial declaration and determination against UCT that HP has not and does not infringe, literally or by the doctrine of equivalents, any valid and enforceable claims of the '307 Patent, either directly, contributorily, by inducement, willfully, jointly, or in any other manner.

## THIRD COUNTERCLAIM
### (Declaration of Non-Infringement of U.S. Patent No. 7,746,798)

20.     HP repeats and incorporates by reference each of the allegations set forth in Paragraphs 1-19 of its Counterclaims above as if set forth fully herein.

21.     UCT has filed an infringement action in this Court to enforce U.S. Patent No. 7,746,798 ("the '798 Patent") against HP.  HP denies that it has infringed or is infringing any valid and enforceable claim of the '798 Patent.

22.     The HP accused products do not infringe any valid or enforceable claims of the '798 Patent.

18

23.     Based on UCT's filing of its Complaint, an actual and justiciable controversy has arisen and now exists between the parties regarding the alleged infringement of the '798 Patent.

24.     HP is entitled to a judicial declaration and determination against UCT that HP has not and does not infringe, literally or by the doctrine of equivalents, any valid and enforceable claims of the '798 Patent, either directly, contributorily, by inducement, willfully, jointly, or in any other manner.

## FOURTH COUNTERCLAIM
### (Declaration of Non-Infringement of U.S. Patent No. 9,232,265)

25.     HP repeats and incorporates by reference each of the allegations set forth in Paragraphs 1-24 of its Counterclaims above as if set forth fully herein.

26.     UCT has filed an infringement action in this Court to enforce U.S. Patent No. 9,232,265 ("the '265 Patent") against HP.  HP denies that it has infringed or is infringing any valid and enforceable claim of the '265 Patent.

27.     The HP accused products do not infringe any valid or enforceable claims of the '265 Patent.

28.     Based on UCT's filing of its Complaint, an actual and justiciable controversy has arisen and now exists between the parties regarding the alleged infringement of the '265 Patent.

29.     HP is entitled to a judicial declaration and determination against UCT that HP has not and does not infringe, literally or by the doctrine of equivalents, any valid and enforceable claims of the '265 Patent, either directly, contributorily, by inducement, willfully, jointly, or in any other manner.

**FIFTH COUNTERCLAIM**
**(Declaration of Non-Infringement of U.S. Patent No. 8,680,712)**

30.     HP repeats and incorporates by reference each of the allegations set forth in Paragraphs 1-29 of its Counterclaims above as if set forth fully herein.

31.     UCT has filed an infringement action in this Court to enforce U.S. Patent No. 8,680,712 ("the '712 Patent") against HP.  HP denies that it has infringed or is infringing any valid and enforceable claim of the '712 Patent.

32.     The HP accused products do not infringe any valid or enforceable claims of the '712 Patent.

33.     Based on UCT's filing of its Complaint, an actual and justiciable controversy has arisen and now exists between the parties regarding the alleged infringement of the '712 Patent.

34.     HP is entitled to a judicial declaration and determination against UCT that HP has not and does not infringe, literally or by the doctrine of equivalents, any valid and enforceable claims of the '712 Patent, either directly, contributorily, by inducement, willfully, jointly, or in any other manner.

**SIXTH COUNTERCLAIM**
**(Declaration of Non-Infringement of U.S. Patent No. 7,856,520)**

35.     HP repeats and incorporates by reference each of the allegations set forth in Paragraphs 1-34 of its Counterclaims above as if set forth fully herein.

36.     UCT has filed an infringement action in this Court to enforce U.S. Patent No. 7,856,520 ("the '520 Patent") against HP.  HP denies that it has infringed or is infringing any valid and enforceable claim of the '520 Patent.

37.     The HP accused products do not infringe any valid or enforceable claims of the '520 Patent.

38.     Based on UCT's filing of its Complaint, an actual and justiciable controversy has arisen and now exists between the parties regarding the alleged infringement of the '520 Patent.

39.     HP is entitled to a judicial declaration and determination against UCT that HP has not and does not infringe, literally or by the doctrine of equivalents, any valid and enforceable claims of the '520 Patent, either directly, contributorily, by inducement, willfully, jointly, or in any other manner.

## SEVENTH COUNTERCLAIM
### (Declaration of Non-Infringement of U.S. Patent No. 7,921,231)

40.     HP repeats and incorporates by reference each of the allegations set forth in Paragraphs 1-39 of its Counterclaims above as if set forth fully herein.

41.     UCT has filed an infringement action in this Court to enforce U.S. Patent No. 7,921,231 ("the '231 Patent") against HP.  HP denies that it has infringed or is infringing any valid and enforceable claim of the '231 Patent.

42.     The HP accused products do not infringe any valid or enforceable claims of the '231 Patent.

43.     Based on UCT's filing of its Complaint, an actual and justiciable controversy has arisen and now exists between the parties regarding the alleged infringement of the '231 Patent.

44.     HP is entitled to a judicial declaration and determination against UCT that HP has not and does not infringe, literally or by the doctrine of equivalents, any valid and enforceable claims of the '231 Patent, either directly, contributorily, by inducement, willfully, jointly, or in any other manner.

## EIGHTH COUNTERCLAIM
### (Declaration of Non-Infringement of U.S. Patent No. 9,852,103)

45.     HP repeats and incorporates by reference each of the allegations set forth in Paragraphs 1-44 of its Counterclaims above as if set forth fully herein.

46.     UCT has filed an infringement action in this Court to enforce U.S. Patent No. 9,852,103 ("the '103 Patent") against HP.  HP denies that it has infringed or is infringing any valid and enforceable claim of the '103 Patent.

47.     The HP accused products do not infringe any valid or enforceable claims of the '103 Patent.

48.     Based on UCT's filing of its Complaint, an actual and justiciable controversy has arisen and now exists between the parties regarding the alleged infringement of the '103 Patent.

49.     HP is entitled to a judicial declaration and determination against UCT that HP has not and does not infringe, literally or by the doctrine of equivalents, any valid and enforceable claims of the '103 Patent, either directly, contributorily, by inducement, willfully, jointly, or in any other manner.

## NINTH COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 7,154,905)

50.     HP repeats and incorporates by reference each of the allegations set forth in Paragraphs 1-49 of its Counterclaims above as if set forth fully herein.

51.     Each claim of U.S. Patent No. 7,154,905 is invalid under one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, or any other judicially created bases for invalidation.

52.     Based on UCT's filing of its Complaint, an actual and justiciable controversy has arisen and now exists between the parties regarding the invalidity of the claims of the '905 Patent.

53.     HP is entitled to a declaratory judgment that each claim of the '905 Patent that UCT asserts against HP is invalid for failure to meet the requirements of one or more condition of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, or any other judicially created bases for invalidation.

## TENTH COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 7,187,307)

54.     HP repeats and incorporates by reference each of the allegations set forth in Paragraphs 1-53 of its Counterclaims above as if set forth fully herein.

55.     Each claim of U.S. Patent No. 7,187,307 is invalid under one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, or any other judicially created bases for invalidation.

56.     Based on UCT's filing of its Complaint, an actual and justiciable controversy has arisen and now exists between the parties regarding the invalidity of the claims of the '307 Patent.

57.     HP is entitled to a declaratory judgment that each claim of the '307 Patent that UCT asserts against HP is invalid for failure to meet the requirements of one or more condition of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, or any other judicially created bases for invalidation.

## ELEVENTH COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 7,746,798)

58.     HP repeats and incorporates by reference each of the allegations set forth in Paragraphs 1-57 of its Counterclaims above as if set forth fully herein.

59.     Each claim of U.S. Patent No. 7,746,798 is invalid under one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, or any other judicially created bases for invalidation.

60.     Based on UCT's filing of its Complaint, an actual and justiciable controversy has arisen and now exists between the parties regarding the invalidity of the claims of the '798 Patent.

61.     HP is entitled to a declaratory judgment that each claim of the '798 Patent that UCT asserts against HP is invalid for failure to meet the requirements of one or more condition of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, or any other judicially created bases for invalidation.

## TWELFTH COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 9,232,265)

62.     HP repeats and incorporates by reference each of the allegations set forth in Paragraphs 1-61 of its Counterclaims above as if set forth fully herein.

63.     Each claim of U.S. Patent No. 9,232,265 is invalid under one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, or any other judicially created bases for invalidation.

64.     Based on UCT's filing of its Complaint, an actual and justiciable controversy has arisen and now exists between the parties regarding the invalidity of the claims of the '265 Patent.

65.     HP is entitled to a declaratory judgment that each claim of the '265 Patent that UCT asserts against HP is invalid for failure to meet the requirements of one or more condition of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, or any other judicially created bases for invalidation.

## THIRTEENTH COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 8,680,712)

66.     HP repeats and incorporates by reference each of the allegations set forth in Paragraphs 1-65 of its Counterclaims above as if set forth fully herein.

67.    Each claim of U.S. Patent No. 8,680,712 is invalid under one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, or any other judicially created bases for invalidation.

68.    Based on UCT's filing of its Complaint, an actual and justiciable controversy has arisen and now exists between the parties regarding the invalidity of the claims of the '712 Patent.

69.    HP is entitled to a declaratory judgment that each claim of the '712 Patent that UCT asserts against HP is invalid for failure to meet the requirements of one or more condition of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, or any other judicially created bases for invalidation.

## FOURTEENTH COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 7,856,520)

70.    HP repeats and incorporates by reference each of the allegations set forth in Paragraphs 1-69 of its Counterclaims above as if set forth fully herein.

71.    Each claim of U.S. Patent No. 7,856,520 is invalid under one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, or any other judicially created bases for invalidation.

72.    Based on UCT's filing of its Complaint, an actual and justiciable controversy has arisen and now exists between the parties regarding the invalidity of the claims of the '520 Patent.

73.    HP is entitled to a declaratory judgment that each claim of the '520 Patent that UCT asserts against HP is invalid for failure to meet the requirements of one or more condition of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, or any other judicially created bases for invalidation.

**FIFTEENTH COUNTERCLAIM**
**(Declaration of Invalidity of U.S. Patent No. 7,921,231)**

74.     HP repeats and incorporates by reference each of the allegations set forth in Paragraphs 1-73 of its Counterclaims above as if set forth fully herein.

75.     Each claim of U.S. Patent No. 7,921,231 is invalid under one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, or any other judicially created bases for invalidation.

76.     Based on UCT's filing of its Complaint, an actual and justiciable controversy has arisen and now exists between the parties regarding the invalidity of the claims of the '231 Patent.

77.     HP is entitled to a declaratory judgment that each claim of the '231 Patent that UCT asserts against HP is invalid for failure to meet the requirements of one or more condition of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, or any other judicially created bases for invalidation.

**SIXTEENTH COUNTERCLAIM**
**(Declaration of Invalidity of U.S. Patent No. 9,852,103)**

78.     HP repeats and incorporates by reference each of the allegations set forth in Paragraphs 1-77 of its Counterclaims above as if set forth fully herein.

79.     Each claim of U.S. Patent No. 9,852,103 is invalid under one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, or any other judicially created bases for invalidation.

80.     Based on UCT's filing of its Complaint, an actual and justiciable controversy has arisen and now exists between the parties regarding the invalidity of the claims of the '103 Patent.

81.     HP is entitled to a declaratory judgment that each claim of the '103 Patent that UCT asserts against HP is invalid for failure to meet the requirements of one or more condition of

patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, or any other judicially created bases for invalidation.

## EXCEPTIONAL CASE

82.     Upon information and belief, this case is an exceptional case under 35 U.S.C. § 285, and Defendant-Counterclaim Plaintiff HP is entitled to recover attorneys' fees and costs incurred in connection with this action from Plaintiff-Counterclaim Defendant UCT because UCT does not have a reasonable basis for bringing this litigation.

83.     Upon information and belief, UCT has asserted the Asserted Patents against HP with the knowledge that HP does not infringe any valid or enforceable claims of the Asserted Patents and/or that the Asserted Patents are invalid and/or enforceable.

84.     At least because of UCT's actions set forth in Counterclaim Paragraphs 10-81 above, UCT's filing of this case and continued actions pursuing this case constitute exceptional conduct under 35 U.S.C. § 285 for which HP is entitled to recover attorney's fees and costs and any other appropriate relief.

## PRAYER FOR RELIEF

85.     WHEREFORE, HP respectfully requests that the Court enter:

A.  A dismissal with prejudice of UCT's Complaint against HP;

B.  Judgment that UCT is not entitled to any relief whatsoever, whether in law or equity or otherwise, from its suit against HP;

C.  Judgment against UCT and in favor of HP in all respects;

D.  Judgment declaring that each of the claims of the Asserted Patents are invalid;

E.  Judgment declaring that HP does not infringe and has not infringed any valid and enforceable claim of the Asserted Patents;

F.  A determination that UCT's conduct in this case is exceptional under 35 U.S.C. § 285 and that HP is entitled to an award of its costs and reasonable attorneys' fees incurred in connection with this action; and

G.  Such other and further relief as the Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

86.  HP requests a trial by jury on all issues so triable.

Dated: January 8, 2024

Respectfully submitted,

*/s/ Anita Liu*_____
Anita Liu (TX State Bar No. 24134054)
**SHOOK, HARDY & BACON L.L.P.**
600 Travis St, Suite 3400
Houston, TX 77002-2926
T: 713.227.8008
F: 713.227.9508
aliu@shb.com

B. Trent Webb (*pro hac vice* forthcoming)
Lauren E. Douville (*pro hac vice* forthcoming)
Ryan Dykal (*pro hac vice* forthcoming)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
T: 816.474.6550
F: 816.421.5547
bwebb@shb.com
ldouville@shb.com
rdykal@shb.com

Amelia Murray (*pro hac vice* forthcoming)
**SHOOK, HARDY & BACON L.L.P.**
111 S. Wacker Dr., Suite 4700
Chicago, IL 60606
T: 312.704.7700
F: 312.558.1195
aemurray@shb.com

***Attorneys for Defendant***
***HP Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ Anita Liu
Anita Liu